CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

**DEC 1 4 2012**

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **FREEDOM HAWK KAYAK, LLC,** | ) | **Civil Action No. 7:12cv00305** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **YA TAI ELECTRIC APPLIANCES** | ) | |
| **CO. LTD.,** | ) | |
| | ) | **By: Samuel G. Wilson** |
| **Defendant.** | ) | **United States District Judge** |

Plaintiff Freedom Hawk Kayak, LLC ("Freedom Hawk") filed this patent infringement suit on September 10, 2012, pursuant to 28 U.S.C. §§ 1331 and 1338(a), seeking to enjoin Ya Tai Electric Appliances Co., Ltd. ("Ya Tai"), a Chinese corporation, from marketing and selling a deployable fan-tail fishing kayak that allegedly infringes Freedom Hawk's patent-protected design.[1] This matter is currently before the court on Freedom Hawk's motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). The court finds that Freedom Hawk has not made the showing necessary to support personal jurisdiction over Ya Tai and dismisses this action without prejudice.

## I.

The facts following jurisdictional discovery and two hearings are as follows. Freedom Hawk is a Virginia limited liability company, with business operations and majority ownership in Charlottesville, Virginia. Freedom Hawk is the owner by assignment of two United States patents for a fishing kayak with a deployable fan-tail designed to promote stability while fishing from a standing position. Freedom Hawk markets its product through trade shows. Ya Tai is a

---

[1] U.S. Patent No. 7,124,702 (filed Aug. 5, 2005) (issued Oct. 24, 2006) and U.S. Patent No. 7,334,534 (filed Aug. 3, 2006) (issued Feb. 26, 2008).

Chinese corporation that manufactures fishing kayaks, trolling motors, and other sport-fishing related accessories. (Pl's. Br. in Supp. of Mot. for Default J. Ex. B, 3, ECF No. 25-2.)

About July 9, 2012, Freedom Hawk attended the annual International Convention of Allied Sportfishing Trades ("ICAST") show in Orlando, Florida. The American Sportfishing Association ("ASA"), which maintains its principal place of business in Alexandria, Virginia, sponsored the show. All exhibitors at the ICAST show were required to complete a membership application form and submit it to the ASA in order to participate. Ya Tai completed a membership form, e-mailed the form to the ASA, wired payment for its application and booth expenses, and participated in the ASA-sponsored event in Orlando.

While at the ICAST event, Freedom Hawk's President, David Hadden, noticed Ya Tai's booth display of a kayak that featured a fan-tail design similar to the design patented by Freedom Hawk. Ya Tai also was disseminating marketing materials promoting the kayak to exhibitors and attendees. Several Virginia-based entities and residents were in attendance at the show.

On observing Ya Tai's deployable fan-tail kayak, Hadden hand delivered a cease-and-desist letter to Ya Tai's representatives on July 11, 2012. The letter described Freedom Hawk's patents and Ya Tai's alleged infringement. Ya Tai's representatives responded that they intended to keep promoting and marketing their product at the show. Freedom Hawk then filed its complaint for patent infringement in this court on July 12, 2012, and served Ya Tai's general manager, Kei Kun Ho, with process at the ICAST show. (Proof of Service, ECF No. 5.)

The Chicago law firm of Hinshaw & Culbertson quickly contacted Freedom Hawk's counsel, indicating that it represented Ya Tai. Two days before responsive pleadings were due, another law firm, the Los Angeles firm of Hankin Patent Law, contacted counsel for Freedom Hawk requesting a thirty-day extension to file a responsive pleading. Minutes later, a third law

firm, Roanoke-based Gentry Locke Rakes & Moore, also contacted Freedom Hawk's counsel on

behalf of Ya Tai to seek an extension of time.  It appears that Hankin retained Gentry Locke to

act as local counsel.  Gentry Locke ultimately negotiated an extension of time for Ya Tai to file a

responsive pleading in this case and signed a proposed order as "Counsel for the Defendant,"

which the court entered on August 7, 2012.  The agreed order gave Ya Tai thirty additional days

to file a responsive pleading.  Near the conclusion of the thirty days, counsel for Ya Tai again

contacted Freedom Hawk's counsel seeking an additional fifteen days.  The parties were unable

to agree upon the terms, and the court-ordered deadline to file a responsive pleading expired on

September 3, 2012, without Ya Tai filing a responsive pleading.

 Freedom Hawk moved for a default judgment against Ya Tai on September 10, 2012, and

four days later Ya Tai filed a *pro se* motion to dismiss for lack of personal jurisdiction.[2]  The

court scheduled a hearing on Freedom Hawk's motion for default judgment on October 3, 2012.

Ya Tai did not attend.  At the hearing, the court *sua sponte* questioned personal jurisdiction and

permitted Freedom Hawk to engage in discovery and marshal any evidence it had of Ya Tai's

contact with or presence in Virginia.

 Freedom Hawk presented that evidence to this court on November 1, 2012.  The sum

total of that evidence is essentially this: in order to attend the ICAST trade show in Orlando,

Florida, Ya Tai entered a contract for membership with the ASA, which has its principal place of

business in Alexandria, Virginia.  Ya Tai, a Chinese corporation, signed and e-mailed the

---

[2] The motion and accompanying affidavit were purportedly signed in the People's Republic of China by Long Wa Ho, Ya Tai's "sole owner."  A corporation may not appear *pro se*.  See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel."); Barr v. Prince George's Cnty., Md., 115 F. App'x 609, 610 (4th Cir. 2004) (noting that a corporation may not proceed *pro se*); Dove Air, Inc. v. Joda, LLC, 1:10CV293, 2011 WL 4712316 (W.D.N.C. Oct. 6, 2011) (noting that because a corporation cannot appear *pro se*, it is appropriate to dismiss the action as to that corporate party); Tweedy v. RCAM Title Loans, LLC, 611 F. Supp. 2d 603, 605 (W.D. Va. 2009) (noting that "because a corporate entity cannot proceed *pro se* . . . the clerk did not acknowledge [a response letter] as an answer and properly entered . . . default.").  Consequently, the court disregards the corporation's *pro se* filings.

contract to the ASA.  The contract provides that "[Ya Tai] will not knowingly infringe on

another ASA member's registered trademark during ICAST," and that Virginia law will govern

the contract's terms and conditions.  (Pl's. Br. in Supp. of Mot. for Default J. Ex. C, 5, ECF No.

25-3.)  Ya Tai then wired the required membership and exhibition fee to the ASA.  A number of

Virginia entities and residents attended the show in Florida.  However, Freedom Hawk conceded

that it had no evidence that Ya Tai maintained an office or had any employees, agents, or sales

representatives in Virginia; conducted any business activities in Virginia, apart from the single

contract with the ASA permitting it to exhibit at the Orlando, Florida, tradeshow; sold or

distributed the allegedly infringing kayak, or for that matter any product here; or had any plans to

distribute the allegedly infringing kayak or any other product here.

## II.

In the absence of personal jurisdiction, the court should decline to enter a default

judgment and *sua sponte* dismiss an action in which the defendant has not appeared and

implicitly or explicitly consented to the court's jurisdiction.  Freedom Hawk maintains that the

court should enter a default judgment because Ya Tai has appeared, failed to file a timely

responsive pleading, and waived its right to contest personal jurisdiction.  In the alternative,

Freedom Hawk contends that the court has personal jurisdiction and should enter the default

judgment because Freedom Hawk failed to file a timely responsive pleading.  The court finds

that Ya Tai did not implicitly or explicitly consent to the court's personal jurisdiction by seeking

and endorsing an order extending the deadline to file its responsive pleadings.  The court also

finds that Freedom Hawk has not carried its burden to establish personal jurisdiction.

Accordingly, the court dismisses this action for lack of personal jurisdiction.

## A.

Freedom Hawk contends that by seeking additional time to file a responsive pleading, and failing to file those pleadings before the agreed-upon time expired, Ya Tai waived its right to contest personal jurisdiction.  The court finds that Ya Tai did not waive (or forfeit) its right to contest personal jurisdiction.

The court first considers whether it is proper to *sua sponte* question whether Freedom Hawk has shown that the court has personal jurisdiction over Ya Tai.  Federal Circuit law, not that of the regional circuit, applies to issues of personal jurisdiction in patent infringement cases.[3] Rates Tech. Inc. v. Nortel Networks Corp., 399 F.3d 1302, 1307 (Fed. Cir. 2005).  As the Federal Circuit has noted, "[a] default judgment rendered by a court which lacked personal jurisdiction over the defendant is void [and] may be attacked either directly in the rendering court or through collateral attack upon enforcement of the judgment."  Iowa State Univ. Research Found., Inc. v. Greater Continents, Inc., 81 F. App'x 344, 348–49 (Fed. Cir. 2003) (quoting 10 James Wm. Moore et al., Moore's Federal Practice § 55.50[2][b][i] (3d ed. 2003)).  Consequently, rather than enter a meaningless default judgment, some courts have held that a district court may (and others have held that it must) assure itself that it has personal jurisdiction.  Compare In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("In most circumstances, a defect in personal jurisdiction is a defense that may be asserted or waived by a party.  Nevertheless, when a court is considering whether to enter a default judgment it may dismiss an action *sua sponte* for lack of personal jurisdiction."), with Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both

---

[3] The Fourth Circuit has expressly "decline[d] to address the issue of whether a district court must satisfy itself, *sua sponte*, that it has personal jurisdiction before entering a default judgment."  Williams v. Advertising Sex, LLC, 410 F. App'x 578, 580 (4th Cir. 2011).

over the subject matter and the parties.  In reviewing its personal jurisdiction, the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment.").  Here, the court finds that it is efficient and appropriate to *sua sponte* question whether the court can enter a valid judgment.

Under Federal Rule of Civil Procedure 12(h)(1), a party that files a responsive pleading or a motion pursuant to Federal Rule of Civil Procedure 12(b) and fails to assert lack of personal jurisdiction waives it as a defense.  It is a defense that must be raised "at the time the first significant defensive move is made—whether it be by way of a Rule 12 motion or in a responsive pleading."  Rates Tech., 399 F.3d at 1307.  Ordinarily,

> preliminary actions do not come close to what is required for waiver or forfeiture. To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking.

Mobile Anesthesiologist Chi., LLC v. Anesthesiology Assocs. of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir. 2010); see also id. at 442–43 (finding that a motion to continue a preliminary injunction hearing and to expedite discovery for that hearing was insufficient to waive or forfeit a challenge to personal jurisdiction); Swanson v. City of Hammond, 411 F. App'x 913, 915–16 (7th Cir. 2011) ("Preliminary litigation actions, such as the defendants' request for an extension of time to file their responsive pleading, do not waive or forfeit personal jurisdiction defenses.").  In the case at hand, Ya Tai neither gave Freedom Hawk a reasonable expectation that it would defend the suit on the merits nor caused the court to go to some effort that would be wasted if personal jurisdiction were later found lacking.  Under the circumstances,

the court does not find Ya Tai's actions sufficient to constitute a waiver or forfeiture of its

defense that this court lacks personal jurisdiction.[4]

**B.**

Freedom Hawk maintains that even if Ya Tai did not waive or forfeit its right to contest

personal jurisdiction, it has shown thatYa Tai has sufficient minimum contacts with Virginia to

establish personal jurisdiction.  The court disagrees and finds that Freedom Hawk has not carried

its burden of establishing personal jurisdiction over Ya Tai.

To exercise personal jurisdiction over a nonresident defendant, the Due Process Clause

requires that the defendant "have certain minimum contacts with [the forum] such that the

maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).[5]  The "constitutional touchstone" of a

---

[4] The Federal Circuit has stated that it "places waiver of personal jurisdiction within the discretion of the trial court, consistent with the trial court's broad authority to manage actions pending before it." Rates Tech., 399 F.3d at 1307.  If the Federal Circuit were to conclude that Ya Tai's endorsement of the order extending its time to file a responsive pleading was sufficient to waive its right to contest personal jurisdiction under the tenuous circumstances present here, this court would exercise its discretion to relieve it of that waiver.

[5] Analysis of personal jurisdiction begins with Federal Rule of Civil Procedure 4.  Under Rule 4(k)(1)(A), a federal court addressing personal jurisdiction analyzes the long-arm statute and governing principles of the forum state.  See CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292 (4th Cir. 2009).  Virginia's long-arm statute, Va. Code § 8.01–328.1, extends personal jurisdiction to the limits allowed by due process.  Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1569 n.23 (Fed. Cir. 1994).  Because Virginia's long-arm statute is coextensive with constitutional due process, the court confines its analysis under Virginia's long-arm statute to the limits of due process.

Also, for a claim that arises under federal law, Federal Rule of Civil Procedure 4(k)(2) provides that serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if the defendant is not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.  See Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico, 563 F.3d 1285, 1294 (Fed. Cir. 2009).  "Rule 4(k)(2) was adopted to ensure that federal claims will have a U.S. forum if sufficient national contacts exist."  Id. at 1295.  "This provision, added in 1993, responds to the Supreme Court's suggestion that the rules be extended to cover persons who do not reside in the United States, and have ample contacts with the nation as a whole, but whose contacts are so scattered among states that none of them would have jurisdiction."  ISI Int'l, Inc. v. Borden Ladner Gervais LLP, 256 F.3d 548, 551 (7th Cir. 2001).

Freedom Hawk has not asserted jurisdiction under Rule 4(k)(2).  But "federal courts are entitled to apply the right body of law, whether the parties name it or not," ISI Int'l, 256 F.3d at 551, so the court will consider the rule's application to the instant case.  After engaging in discovery, the national contacts Freedom Hawk has identified distill to Ya Tai's contract with ASA permitting YaTai to exhibit at the trade show in Orlando, Florida and Ya Tai's allegedly infringing exhibit at that trade show.  As far as national contacts are concerned, YaTai's minimal contacts with ASA in Virginia add little to the mix.  Under the circumstances, it seems to the court that Ya Tai's

due process inquiry is whether the defendant "purposefully established 'minimum contacts' in the forum state." Burger King v. Rudzewicz, 471 U.S. 462, 474 (1985) (quoting Int'l Shoe, 326 U.S. at 316). Consequently, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or person." Burger King, 471 U.S. at 475 (internal quotations and citations omitted).

There are two forms of personal jurisdiction: general and specific. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414–15 (1984); Base Metal Trading, Ltd. v. OJSC, 283 F.3d 208, 213 (4th Cir. 2002). General jurisdiction "requires that the defendant have 'continuous and systematic' contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1200 (Fed. Cir. 2003) (quoting Helicopteros Nacionales, 466 U.S. at 414–16). For specific jurisdiction, the "minimum contacts" prong requires a showing that the defendant has "purposefully directed his activities at residents of the forum." Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico, 563 F.3d 1285, 1297 (Fed. Cir. 2009) (citing Elecs. for Imaging v. Coyle, 340 F.3d 1344, 1350 (Fed. Cir. 2003)). Whether the plaintiff claims general or specific personal jurisdiction, when the plaintiff has had the opportunity to engage in discovery, the plaintiff bears the burden of proving, by a preponderance of the evidence, the facts

---

allegedly infringing exhibit is constitutionally sufficient to subject it to jurisdiction in Florida or nowhere in the United States. In either event, Rule 4(k)(2)'s requirements would not be met.

necessary to establish personal jurisdiction over the defendant.  <u>Pieczenik v. Dyax Corp.</u>, 265 F.3d 1329, 1334 (Fed. Cir. 2001).

Freedom Hawk's evidence here discloses that Ya Tai is a Chinese corporation with exceptionally tenuous links to Virginia.  Freedom Hawk has not shown that Ya Tai maintains an office in Virginia; has employees or sales personnel here; has bank accounts, telephone listings or licenses in Virginia; is subject to taxation here; or has marketed, sold or even shipped any product, let alone an infringing product, here.  Consequently, Freedom Hawk has not shown that Ya Tai had the continuous and systematic contacts necessary for general personal jurisdiction. <u>Silent Drive</u>, 326 F.3d at 1200.

Although a defendant may not be subject to general personal jurisdiction in a particular forum state, a district court may nonetheless exercise specific personal jurisdiction over the defendant, subject to a three-part test: "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." <u>Autogenomics, Inc. v. Oxford Gene Tech., Inc.</u>, 566 F.3d 1012, 1018 (Fed. Cir. 2009) (quoting <u>Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.</u>, 444 F.3d 1356, 1363 (Fed. Cir. 2006)).  None of these prong points to Virginia as an appropriate forum.

The first prong, the purposeful availment prong, requires the court to look at a number of factors, such as whether the defendant maintains offices or agents in the forum state, <u>see</u> <u>McGee v. Int'l Life Ins. Co.</u>, 355 U.S. 220, 221 (1957); whether the defendant engaged in significant or long-term business activities in the forum state, <u>see</u> <u>Burger King</u>, 471 U.S. at 475–76, 481; and whether the contract called for the performance contractual duties in the forum state, <u>see</u> <u>id.</u> at 481–82.  <u>See also</u> <u>Touchcom, Inc. v. Bereskin & Parr</u>, 574 F.3d 1403, 1411–12 (Fed. Cir. 2009)

(discussing a nonexhaustive list of factors courts may consider). None of those factors favor personal jurisdiction here. Ya Tai had no significant or long-term business activities in Virginia, no contact with Freedom Hawk in Virginia, and its single contract with a third party, the ASA, did not call for the performance of a contractual duty in Virginia.

The second prong requires that the defendant's contacts with the forum form the basis of the suit. Autogenomics, Inc., 566 F.3d at 1018. But the second prong, like the first, disfavors the exercise of personal jurisdiction in Virginia. Ya Tai's alleged patent infringement, not its isolated contact with Virginia (its exhibition contract with the ASA), forms the basis of Freedom Hawk's suit. And the exhibition contract is only tenuously related to the validity or enforceability of Freedom Hawk's patent. See id. at 1019 (affirming the district court's determination that it possessed neither general nor specific jurisdiction over a nonresident defendant because the defendant "failed to allege sufficient activities 'relat[ing] to the validity and enforceability of the patent'") (quoting Avocent Huntsville Corp. v. Aten Int'l Co., 552 F.3d 1324, 1336 (Fed. Cir. 2008)).[6]

The third and final prong requires the court to consider additional factors to ensure that the forum in question is appropriate, including:

> (1) the burden on the defendant, (2) the forum State's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several States in furthering fundamental substantive social policies.

---

[6] Freedom Hawk contends that the choice of law clause in Ya Tai's contract with ASA is purposeful availment. Though a choice of law clause may be an important factor in determining whether a defendant has purposefully availed itself of the benefits and protections of a state's laws for jurisdictional purposes, Elecs. for Imaging, 340 F.3d at 1353, it is clearly insufficient to create general, personal jurisdiction. Here, it is simply present in a third party's contract, which, of course, does not form the basis of Freedom Hawk's patent infringement suit.

Freedom Hawk also attempts to attach significance to the fact that there were Virginia citizens and entities at the Orlando, Florida tradeshow. Efforts to target Virginia citizens in Virginia might be a factor weighing in favor of a Virginia forum. But targeting attendees at a trade show in Florida weighs in favor of Florida, not Virginia, as an appropriate forum, irrespective of the citizenship of the attendees.

Avocent, 552 F.3d at 1331 (quoting Burger King, 471 U.S. at 477 )(internal quotations and citations omitted). The court will not belabor these factors. It is sufficient to say that they also point to Florida or somewhere else, but not Virginia.

On the facts presented, it would be inconsistent with "traditional notions of fair play and substantial justice" to exercise personal jurisdiction over Ya Tai in Virginia for Ya Tai's alleged act of patent infringement in Florida. See Int'l Shoe, 326 U.S. at 316. Freedom Hawk has failed to prove, by a preponderance of the evidence, that personal jurisdiction over Ya Tai in this forum is appropriate. Pieczenik, 265 F.3d at 1334.

### III.

For the reasons stated, the court dismisses this case without prejudice for lack of personal jurisdiction.[7]

**ENTER**: December 14, 2012.

UNITED STATES DISTRICT JUDGE

---

[7] Should Freedom Hawk uncover evidence of constitutionally sufficient national contacts, it is free to re-file this action in this court or another appropriate forum.